32 Misc. Rep. 52.)

### CLARK v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. June, 1900.)

PARKS—ERECTION OF MONUMENT—INJUNCTION.

Laws 1893, c. 522, provided that the mayor, aldermen, and commonalty of the city of New York might erect at such place as the department of parks should designate for that purpose a suitable memorial arch or monument to the memory of soldiers and sailors. *Held,* that, the department of parks having designated a site in Riverside Park as a location for the monument, one owning property situated between 192 and 275 feet from the proposed site had no such right to or property in the use and enjoyment of the park as to entitle her to an injunction restraining the erection of the monument on the ground that it would deprive complainant of easements of prospect, light, and air.

Motion by Elizabeth F. Clark against the city of New York for injunction pendente lite to restrain the erection of a monument in Riverside Park. Motion denied.

Young, Verplanck & Prince (Augustus Van Wyck and Henry A. Prince, of counsel), for plaintiff.

John Whalen, Corp. Counsel (Charles Blandy, of counsel), for defendants.

FITZGERALD, J. The plaintiff seeks an injunction pendente lite to restrain defendants from erecting a monument to the memory of our soldiers and sailors at a point on Riverside Park just south of the southerly side of 89th street. Plaintiff is the owner of property on the northeast corner of 89th street and Riverside Drive, and the grounds of her action are, as set forth in the complaint, that the proposed monument will deprive her of her easements of prospect, light, and air. The distance between plaintiff's house and the proposed site of the memorial is variously estimated at between 192 and 275 feet, but, assuming the lower of these figures to be correct, it is difficult to imagine how her light and air could be even remotely affected by its erection; and, as I understand her claim, she places her main reliance for success in the pending action upon the encroachment with which her easement of view is threatened. Plaintiff claims that defendants are under legal obligations to keep this park free from structures or buildings of any kind, and the soundness of this proposition is denied by defendants' answer. Chapter 697, Laws 1867, authorizes the commissioners of Central Park to acquire title to certain property between 59th street, 155th street, 8th avenue, and the Hudson river, and under this act Riverside Drive and Park were constructed. The act provided that proceedings to acquire title to the land in question should be had pursuant to such acts then in force relating to the opening of public squares, streets, etc., in the city of New York. Section 178, c. 86, Rev. Laws 1813, entitled an act to reduce several laws relating particularly to the city of New York into one act, is in part as follows:

"On such final confirmation of such report by the said court, the said mayor, aldermen and commonalty of the city of New York shall become and be seized in fee of all the said lands * * * that shall or may be so required for the purpose of opening the said public square or place, street or avenue. * * * In trust, nevertheless, that the same be appropriated and kept open

for, or as part of a public street, avenue, square or place forever, in like manner as the other public streets, avenues, squares and places in the said city are, and of right ought to be."

Referring to lands taken under the above act, it was held in Drake v. Railroad Co., 7 Barb. 509:

"The owners of property bounded upon streets in a city have rights in such streets, and an interest in the maintenance of them in their integrity; but such right and interest consist merely in the use, benefit, and enjoyment of them as public streets or highways for the legitimate uses and purposes of streets. They have no private or exclusive right to or property in the use or enjoyment of them. All other citizens have an equal right, with such owners, to the use of the public streets as such. * * * The corporation of the city are the owners of the legal title to the soil of the streets."

The commissioners, under the authority of the act of 1867, acquired title to this tract of land for the purposes of a park and drive, and not for the purpose of affording "the adjoining and neighboring property owners" any exclusive or greater dominion than that vested in the public. The power to erect the proposed monument is conferred upon defendants by section 1, c. 522, Laws 1893, which reads:

"The mayor, aldermen and commonalty of the city of New York may erect at such place as the department of parks in the city of New York shall designate for that purpose, * * * a suitable memorial arch or monument."

It thus appears from the acts referred to that by the act of 1867 the department of parks were to construct and lay out a public park and drive. The mayor, aldermen, and commonalty of the city of New York were authorized by the act of 1893 to erect a memorial arch or monument in a place to be designated by the department of parks. In December, 1899, after correspondence with the officials of the park department, the commissioners in charge of the erection of this monument selected what they considered to be the most desirable site (the place in question). Defendants submit in their answer a report made by Mr. John De Wolf, landscape architect of the department of parks, to the president of the board of park commissioners, dated December 11, 1899, the concluding portion of which is as follows:

"The monument will not obstruct the view as much as the trees, and no one has yet objected to their presence. It will add a more beautiful foreground to the view, and I feel that further study of the plans in contemplation will please all sincere and disinterested objectors, and secure their approval."

The erection of such structures as the one proposed, and similar works of art, in the public squares, parks, and places in the villages, towns, and cities of the world, is a matter of general knowledge. We have in the city, in our parks, public squares and places, buildings, structures, and monuments, a few of which may be enumerated: The Grant monument in Riverside Park; the statue of Lafayette in Union Square; the Farragut monument in Madison Square; the Worth monument, nearly opposite the statue of Columbus, 59th street and 8th avenue; the Washington arch, the Washington equestrian statue in Union Square; the Museum of Natural History, Manhattan Square; the Metropolitan Museum of Art, in Central Park, facing 5th avenue; and several others. I have carefully examined the voluminous record submitted, but fail to find any contract or agreement to sustain plaintiff's contention. "An easement can be created

only by a grant, express or implied, or by prescription, from which a grant is presumed." Jones, Easem. § 80. Again, at section 583, this distinguished writer says: "No action can be maintained for obstructing a view, except upon an express covenant giving a right to the view." Freedman, J., in Greene v. Railroad Co., 12 Abb. N. C. 137, held that: "He is bound to show an easement in the park or square, either by express grant or by dedication. In either case the burden of proof is upon him. He showed no express grant. Now, before the law will, in the absence of an express grant, protect a mere right to a prospect or air over land separated from the plaintiff's premises by an intervening street, which is all the plaintiff's claim as to the park or square amounts to, it must appear affirmatively that the prospect and the air were within the contemplation of the original parties as objects of the dedication." It may be that the residents of this immediate neighborhood are apprehensive that crowds of persons would be attracted to the spot, and their desired exclusiveness and privacy might be interfered with. Possibly they may entertain the opinion that the value of their property would be depreciated. But surely it cannot be claimed that their fears or apprehensions upon purely selfish grounds would be considered by a court, to the extent of prohibiting the erection in a public park of this beautifully designed arch, commemorative of patriotism, valor, and sacrifice. Motion to continue injunction pendente lite denied.

Motion denied.