■ MONROE IMPROVEMENT ASSOCIATION, INC., Appellant, v VILLAGE OF MONROE et al., Respondents. [702 NYS2d 889] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the respondent Village of Monroe dated May 20, 1997, adopting a resolution which accepted a proposal of the respondent Mombasha Fire Company to erect a monument, and action, *inter alia*, for a judgment declaring that the erection of the monument violated a restrictive covenant, the appeal is from a judgment of the Supreme Court, Orange County (Pano Z. Patsalos, J.), dated November 23, 1999, which dismissed the proceeding and the complaint. The notice of appeal from an order dated July 21, 1998, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly found that the appellant had no standing to raise a claim under RPAPL article 15 as the appellant retained no remainder interest or right of reversion under the deed conveying the subject property (*see,* RPAPL 1501 [1]).

Contrary to the appellant's contention, the erection of a

monument is a legitimate public park use (*see, Williams v Hylan,* 126 Misc 807, 808-809, *affd* 217 App Div 727; *Parsons v Van Wyck,* 56 App Div 329; *Clark v City of New York,* 32 Misc 52, *affd* 54 App Div 631). Accordingly, the adoption by the Village of Monroe of a resolution accepting the proposal of the Mombasha Fire Company to erect a monument was not arbitrary or capricious. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.